UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. STEELE,

  Plaintiff,             Civil Action No. 19-CV-11778

vs.                   HON. BERNARD A. FRIEDMAN

AMERICAN HONDA MOTOR
COMPANY, INC., et al.,

  Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND,
GRANTING DEFENDANT ZEIGLER'S MOTION TO DISMISS, AND
GRANTING IN PART DEFENDANT AHM'S MOTION TO DISMISS**

This matter is presently before the Court on plaintiff's motion for remand [docket entry 3], the motion of defendant American Honda Motor Company, Inc. ("AHM") to dismiss [docket entry 7], and the motion of defendant Zeigler Imports, LLC ("Zeigler") to dismiss [docket entry 11]. Pursuant to E.D. Mich. LR. 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall deny plaintiff's motion, grant defendant Zeigler's motion, and grant in part defendant AHM's motion.

This is a product liability and handicap discrimination case. Plaintiff, who is blind, alleges that on March 10, 2016, while attempting to cross a street in Kalamazoo, Michigan, he was struck and severely injured by a 2012 Honda electric vehicle. Am. Compl. ¶ 6. Plaintiff alleges that the vehicle "was being operated in the silent mode" and that he was not able to hear it approaching. *Id.* ¶ 8. Plaintiff filed suit in state court on March 4, 2019, naming AHM and John Doe Honda Dealership. The complaint identified the latter as "a domestic or foreign corporation doing business in Wayne County, Michigan, that sells or leases automobiles manufactured by American Honda

Motor Co., Inc.," *id.* ¶ 3, and as AHM's "designated agent that sold or leased the 2012 Vehicle to the driver," *id.* ¶ 5. Plaintiff asserts claims against both defendants for product liability (Count I) and for violation of his rights under Michigan's Persons With Disabilities Civil Rights Act (Count II).

On June 14, 2019, AHM, which had been served with process on May 24, removed the case based on the parties' diversity of citizenship, as AHM is incorporated in and has its principal place of business in California, plaintiff is a resident of Michigan, and more than $75,000 is in controversy. Notice of Removal ¶¶ 4-6. The removal notice correctly noted that under 28 U.S.C. § 1441(b), "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

***Plaintiff's Motion for Remand Based on Alleged Procedural Error***

On July 2, plaintiff filed the instant motion for remand, arguing that the removal was procedurally defective because the John Doe defendant (whom plaintiff, in an amended complaint also filed on July 2, has now identified as "Zeigler Imports, LLC d/b/a Zeigler Honda and d/b/a Zeigler Honda of Kalamazoo") was served with process before the case was removed and therefore the case could not be removed without its consent. To show that he served Zeigler with process, plaintiff points to (1) a summons issued on March 4, 2019, identifying defendant as "JOHN DOE HONDA DEALERSHIP," Pl.'s Mot. for Remand, Ex. 2; and (2) plaintiff's attorney's Affidavit of Service, accompanied by a hand-written mail receipt that appears to show that plaintiff served Zeigler Honda at 4211 Stadium Dr., Kalamazoo, MI, with "a copy of the summons and complaint, together with jury demand" on May 22 or 23, 2019, *id.*, Ex. 3. Apparently the summons and

2

complaint were mailed under a May 20, 2019, cover letter from plaintiff's attorney stating, "I forward a copy of a lawsuit filed 3/4/2019 in Wayne County Circuit Court." Zeigler's Mot. to Dismiss, Ex. 2.

Plaintiff correctly notes that under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." If Zeigler had been "properly joined and served" at the time AHM filed its removal notice on June 14, then Zeigler would have had to join in or consent to the removal. In the present case, however, Zeigler had not been "properly joined and served" as of June 14. At that point in time, plaintiff had served Zeigler with a summons and complaint naming John Doe Honda Dealership. The complaint did not contain any allegations or information from which the reader might surmise that the John Doe Honda Dealership referred to Zeigler in Kalamazoo. Rather, the complaint alleged that "JOHN DOE HONDA DEALERSHIP is a domestic or foreign corporation doing business in Wayne County, Michigan," Compl. ¶ 3, several counties distant, and more than 140 miles away, from Kalamazoo.

Plainly, Zeigler was not "properly joined and served" as of June 14. As the Michigan Court of Appeals has stated, "defendants not specifically named in 'John Doe' complaints are *not yet parties to the suit and, if added later, are considered new parties to the litigation*." *Thomas v. Process Equip. Corp.*, 154 Mich. App. 78, 85 (1986) (emphasis added). Zeigler did not become a party to this action until plaintiff specifically named it in his amended complaint, which was not filed until after AHM removed the case. Therefore, Zeigler was not required to join in or consent to the removal. Plaintiff's procedural objection to the removal is unfounded.

***Plaintiff's Motion for Remand Based on Alleged Lack of Subject Matter Jurisdiction; Joinder of Zeigler, a Non-Diverse Defendant; Zeigler's Motion to Dismiss***

Plaintiff also argues that this matter must be remanded because the Court "lacks subject matter jurisdiction in that there is no diversity jurisdiction because at least one Defendant is a Michigan citizen." Pl.'s Mot. for Remand ¶ 30(c). Diversity jurisdiction was present at the time of removal because the only named defendant, AHM, is a citizen of California, plaintiff is a citizen of Michigan, and more than $75,000 is in controversy. Diversity was not destroyed until plaintiff amended his complaint post-removal to replace John Doe Honda Dealership with Zeigler, which is also a citizen of Michigan.

This circumstance is governed by 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."[1]
The Sixth Circuit has stated that

---

[1] While the statute refers to situations in which plaintiff "seeks to join additional defendants," the statute also applies when plaintiff has added a non-diverse defendant in an amended complaint filed as a matter of right. As Judge Berg of this Court recently explained,

> "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." *Mayes v. Rapoport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999) (finding that reading § 1447(e) in conjunction with Fed. R. Civ. P. 15(a), 19, and 21 makes it clear that a district court "has authority to pass upon any attempts – even those for which the plaintiff needs no leave of court – to join a nondiverse defendant."); *accord*, *Phillip-Stubbs v. Walmart Supercenter*, No. 12-10707, 2012 WL 1952444, at *3-4 (E.D. Mich. May 25, 2012).

*FCA US LLC v. RightThing, LLC*, No. 16-14282, 2018 WL 6695841, at *2 (E.D. Mich. Dec. 20, 2018). *See also Premium Fin. Grp., LLC v. MPVF LHE Lexington LLC*, No. 5:13–CV–362–KKC, 2014 WL 112308, at *3 (E.D. Ky. Jan. 9, 2014) ("[I]t is irrelevant here that [plaintiffs] amended [their] complaint as a matter of course, because even though the plaintiffs did not need the court's permission to amend the complaint, the court may deny their attempt to join an additional defendant whose joinder would destroy subject matter jurisdiction.") (citation and internal quotation marks omitted).

> [a] district court may base its discretionary determination under § 1447(e) on the following factors: (1) the extent to which the proposed amendment's intent was to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion to amend, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors. *Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 309 (8th Cir. 2009); *Mayes v. Rapoport*, 198 F.3d 457, 462-63 (4th Cir. 1999).

*Telecom Decision Makers, Inc. v. Access Integrated Networks, Inc.*, 654 F. App'x 218, 221 (6th Cir. 2016). Among the "other equitable factors" a court may consider is whether the non-diverse defendant has been fraudulently joined. *See Mayes*, 198 F.3d at 463. "To prove fraudulent joinder, the removing party must show that the plaintiff cannot establish a cause of action against the non-diverse defendant." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 496 (6th Cir. 2016) (citation omitted). "Further, [a]ny disputed questions [of] fact and ambiguities in the controlling state law [should be resolved] . . . in favor of the nonremoving party." *Id.* (alternations in original; citations and internal quotation marks omitted). That is to say, "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)).

In the present case, the first two of the *Telecom* factors favor permitting Zeigler's joinder. First, it is not apparent that plaintiff joined Zeigler in order to destroy federal jurisdiction. Although plaintiff filed his amended complaint naming Zeigler (on July 2) after the case was removed (on June 14), it appears that before removal plaintiff's attorney believed that Zeigler may be the John Doe mentioned in the complaint. As noted above, plaintiff's counsel mailed a copy of the complaint to Zeigler Honda under a cover letter dated May 20. Naming Zeigler was clearly not a post-removal afterthought. Second, plaintiff was not particularly dilatory in seeking to join

Zeigler, as he filed his amended complaint approximately six weeks after mailing the summons and original complaint to Zeigler. However, the third and fourth *Telecom* factors weigh heavily against permitting Zeigler's joinder because plaintiff's claims against Zeigler (to the extent they are cognizable at all) are time-barred. This establishes both that Zeigler's joinder was fraudulent and that plaintiff will suffer no prejudice if Zeigler's joinder is denied.

The untimeliness of plaintiff's claims against Zeigler is undebatable. Plaintiff concedes that both of his claims (product liability and handicap discrimination) are subject to the three-year limitations period of Mich. Comp. Laws § 600.5805(2). *See* Am. Compl. ¶ 9; Pl.'s Resp. to Zeigler's Mot. to Dismiss at 6. His claims accrued on March 10, 2016, the date on which he alleges he was injured. *See* Am. Compl. ¶¶ 6, 8. Plaintiff therefore had to commence suit against Zeigler no later than March 10, 2019. He missed this filing deadline by nearly four months.

While plaintiff filed his complaint in state court on March 4, 2019, six days before the limitations period expired, he did not name Zeigler at that time. Instead, plaintiff sued AHM and "John Doe Honda Dealership." Plaintiff did not name Zeigler until he filed an amended complaint on July 2, 2019, well after the limitations had run, and the amended complaint does not "relate back" to the original because, as noted above, under Michigan law John Doe defendants are considered new parties once they are named. The Michigan Court of Appeals' statement of the rule in *Thomas*, *supra*, is quite clear:

> Plaintiffs also argue that even if the "John Doe" complaint did not satisfy the statute of limitations, their amended complaint of April 30, 1985, named specific defendants, and because amendments relate back to the original complaint, MCR 2.118(D) . . . , and the original complaint was filed within the three-year limitation period, the action is not time-barred. However, this argument ignores the holding in *Meda* and *Fazzalare* that defendants not specifically named in "John Doe" complaints are not yet parties to the suit and, if added later, are

6

> considered new parties to the litigation. Therefore, *amendments to a complaint that add new parties do not relate back*. See also *Browder v. International Fidelity & Ins. Co.*, 98 Mich.App. 358, 361, 296 N.W.2d 60 (1980), *aff'd* 413 Mich. 603, 321 N.W.2d 668 (1982). Since defendants in the instant case were considered new parties when added, and the period of limitation had expired before they were added as parties, they were entitled to summary disposition.

*Thomas*, 154 Mich. App. at 84-85 (emphasis added). *See also Bell v. Kostanko*, No. 241647, 2004 WL 1505509, at *2 (Mich. Ct. App. July 6, 2004) (reaffirming the rule that "an amendment to a 'John Doe' complaint that seeks merely to add a specifically named defendant does not relate back to the original filing of the complaint for the purpose of tolling the statute of limitations"); *Bellamy v. Target Stores*, No. 235334, 2002 WL 31934019, at *2 (Mich. Ct. App. Nov. 19, 2002) (same). Likewise, the Sixth Circuit has noted that "[u]nder Michigan law, 'John Doe' complaints do not satisfy or toll the statute of limitations. And the naming of unidentified defendants constitutes a change of defendants; as such, amended 'John Doe' complaints do not relate back to the original complaint." *Deruso v. City of Detroit*, 121 F. App'x 64, 65 n.1 (6th Cir. 2005) (citing *Thomas*). *Accord Siner v. City of Detroit*, No. 15-CV-13532, 2017 WL 3434085, at *2 (E.D. Mich. Aug. 10, 2017).

For this reason, the Court concludes that plaintiff's amended complaint does not relate back to the original, and that plaintiff's claims against Zeigler are time-barred. Therefore, plaintiff's joinder of Zeigler was fraudulent, as there is no "arguably . . . reasonable basis for predicting that the state law might impose liability on the facts involved." *Alexander*, 13 F.3d at 949. To the contrary, it is obvious that plaintiff cannot overcome Zeigler's statute of limitations defense. Accordingly, the Court shall "deny joinder" of Zeigler under § 1447(e), deny plaintiff's motion for remand, and grant Zeigler's motion to dismiss.

*AHM's Motion to Dismiss*

Having concluded that AHM's removal of the case was proper, both procedurally and jurisdictionally, the Court now turns to AHM's motion to dismiss. AHM seeks dismissal of plaintiff's product liability claim on the grounds that the amended complaint fails to allege sufficiently that the absence of a "blind alert" proximately caused plaintiff's injuries. AHM's argument, in essence, is that plaintiff has failed to rule out other possible causes of the accident. AHM notes that according to a Google Maps photograph of the intersection where the accident occurred, there is no "crosswalk with government-installed designation pads in the sidewalk with braille-like signals," as plaintiff alleges in ¶ 8 of the amended complaint, and that plaintiff may therefore have been in violation of a city ordinance prohibiting pedestrians from crossing streets in a dangerous manner. AHM also suggests that the accident may have been caused by the driver's negligence, a possibility the amended complaint does not rule out. Further, AHM notes that regulations issued by the National Highway Traffic Safety Administration do not require the activation of blind alerts on electric vehicles traveling under eighteen miles per hour, and that plaintiff does not allege that the vehicle that hit him was traveling at such a low rate of speed.

The Court finds that the amended complaint sufficiently alleges causation in Count I. Plaintiff alleges that he was "listening for oncoming vehicles" while attempting to cross the street, and that he did not hear the vehicle that hit him because it was being operated in "silent mode" at the time. Am. Compl. ¶ 8. He also alleges that an audible warning system "would have prevented the harm" and that the lack of such a safety feature "was a direct and proximate cause of the 3/10/2016 accident." *Id.* ¶¶ 22, 26. These allegations suffice to put AHM on notice as to the nature of the causation element of plaintiff's claim and to "plead[] factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The issues raised by AHM may, if proven, lessen or even eliminate its liability, but these are matters that must be fleshed out in discovery and tested under Fed. R. Civ. P. 56, not 12(b)(6).

Plaintiff's handicap discrimination claim (Count II), however, plainly does fail to state a claim upon which relief can be granted. The relevant allegations state as follows:

> 29. A person alleging a violation of the Persons With Disabilities Civil Rights Act, MCL 37.1101, et seq., may bring a civil action for appropriate damages in the Circuit Court. MCL 37.1606, and against a business open to the public per MCL 37.1303.

> \* \* \*

> 32. The Defendants operate a business or businesses and a "transportation facility of any kind" that offers goods, services, privileges, etc. that are extended, offered, sold and made available to the public, and in particular to their customers. More particularly the Defendants manufacture and distribute electric hybrid autos such as the 2012 Vehicle, under a sales, lease or conveyance arrangement as set forth previously herein.

> 33. Defendants violated the civil rights of the blind pedestrian Plaintiff herein by denying Plaintiff the full and equal enjoyment of the protections, benefits and duties and privileges arising from the sale or lease of the 2012 Vehicle that failed to have Safety Features to protect pedestrians, especially blind and hearing impaired pedestrians, and the Plaintiff on 3/10/2016, causing severe and continuous pain and discomfort and permanent damages.

> 34. The purposeful, grossly negligent or negligent, behavior of the Defendants was a denial of the Plaintiff's right as a blind pedestrian to the full and equal enjoyment of goods, services, privileges, etc. because of the negligent/grossly negligent breach of the duties owed to Plaintiff as set forth above, which constitutes a MCL 37.1302(a) violation because of the disability of the blind pedestrian plaintiff that is unrelated to the individual's ability to utilize and benefit from the goods, services, privileges, etc. per MCL 37.1302.

>35. The denial of protection per MCL 37.1301 and MCL 37.1302 was a direct and proximate cause of the serious and permanent injury suffered by the Plaintiff on 3/10/2016 as set forth herein.

Am. Compl. ¶¶ 29, 32-35.

Michigan's Persons With Disabilities Civil Rights Act ("PWDCRA") has no application in these circumstances. This statute applies to public accommodations and services.[2]

---

[2] The PWDCRA states in relevant part:

> Except where permitted by law, a person shall not:
>
> (a) Deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of a disability that is unrelated to the individual's ability to utilize and benefit from the goods, services, facilities, privileges, advantages, or accommodations or because of the use by an individual of adaptive devices or aids.

Mich. Comp. Laws § 37.1302. The statute defines public accommodations and services as follows:

> As used in this article:
>
> (a) "Place of public accommodation" means a business, educational institution, refreshment, entertainment, recreation, health, or transportation facility of any kind, whether licensed or not, whose goods, services, facilities, privileges, advantages, or accommodations are extended, offered, sold, or otherwise made available to the public.
>
> (b) "Public service" means a public facility, department, agency, board, or commission owned, operated, or managed by or on behalf of this state or a subdivision of this state, a county, city, village, township, or independent or regional district in this state or a tax exempt private agency established to provide service to the public, except that public service does not include a state or county correctional facility with respect to actions or decisions regarding an individual serving a sentence of imprisonment.

Mich. Comp. Laws § 37.1301.

While AHM (as a business whose goods are sold to the public) meets the definition of a "place of public accommodation," plaintiff does not claim that defendant denied him "the full and equal enjoyment of the goods . . . because of a disability," as required by § 37.1302. Plaintiff claims that he was harmed by defendant's goods, not that defendant denied him the right to enjoy them. The phrase "equal enjoyment of the goods" implies a desire to use the goods, not a desire to be protected from them. In interpreting a nearly identically worded provision of the Americans with Disabilities Act, the Sixth Circuit has noted that the statute "regulates the *availability* of the goods and services the place of public accommodation offers as opposed to the *contents* of goods and services offered by the public accommodation." *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1012 (6th Cir. 1997) (emphasis added). As plaintiff does not claim that AHM denied him access to any goods or services, he has no claim under the PWDCRA. The Court shall therefore grant AHM's motion to dismiss as to Count II.

Finally, the Court rejects AHM's argument that plaintiff's claims against it are time-barred. The complaint was filed on March 4, 2019, six days before the limitations period expired, and AHM acknowledges that it was served with process on May 24, which was within the service period. On June 4, the state court issued an "Order of Dismissal for Non Service," *see* Pl.'s Mot. for Remand, Ex. 5, dismissing the case "without prejudice as to the defendant(s) pursuant to MCR 2.102(E)," which requires service of process within ninety-one days after the complaint is filed. While this order does not indicate which defendant had not been served, the order could have applied only to John Doe Honda Dealership because AHM had been served and a John Doe defendant, as a fictitious party, is not capable of being served. The Court therefore interprets the

state court's June 4 order as applying only to John Doe Honda Dealership, not AHM. If the state court's order was meant to apply to AHM, the Court hereby vacates that order or, alternatively, sets it aside pursuant to MCR 2.102(F).

*Conclusion*

To summarize, the Court hereby (1) denies plaintiff's motion for remand on procedural grounds because AHM's removal of the case from state court was proper, as the fictitiously-named co-defendant's concurrence in the removal was not required; (2) denies plaintiff's motion for remand on jurisdictional grounds because the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a); (3) denies Zeigler's joinder pursuant to 28 U.S.C. § 1447(e), and grants Zeigler's motion to dismiss, because plaintiff's claims against Zeigler are time-barred and therefore plaintiff's joinder of Zeigler was fraudulent; and (4) denies AHM's motion to dismiss plaintiff's product liability claim (Count I) and grants AHM's motion to dismiss plaintiff's PWDCRA claim (Count II). Accordingly,

IT IS ORDERED that plaintiff's motion for remand is denied.

IT IS FURTHER ORDERED that defendant Zeigler's motion to dismiss is granted.

IT IS FURTHER ORDERED that joinder of Zeigler is denied pursuant to 28 U.S.C. § 1447(e).

IT IS FURTHER ORDERED that defendant AHM's motion to dismiss is denied as to Count I and granted as to Count II.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 5, 2019
Detroit, Michigan