UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT W. STEELE,

        Plaintiff,                                Civil Action No. 19-CV-11778

vs.                                       HON. BERNARD A. FRIEDMAN

AMERICAN HONDA MOTOR
COMPANY, INC.,

        Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        This matter is presently before the Court on defendant's motion for summary judgment [docket entry 54]. Defendant has responded and plaintiff has replied. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing.

*Introduction*

        Plaintiff, who is blind, alleges that in March 2016 he was seriously injured when he was hit by a 2012 Honda Insight while he was walking across a street in Kalamazoo. The Insight is a hybrid vehicle. Plaintiff alleges that, when he was hit, the Insight "was being operated in a silent mode," which made it impossible for him to hear it coming. Am. Compl. ¶ 8. Plaintiff alleges that it was negligent of defendant to "manufacture, sell, lease or convey" a vehicle, including the 2012 Insight, that "was not equipped with a warning device which would emit a sound while the vehicle was being driven in electric mode so that blind persons could hear the vehicle approaching." Pl.'s Resp. to Def.'s Interrog. 5. The defendant is American Honda Motor Company, Inc. ("AHM"), which sold the vehicle to a dealer, who sold it to the driver who hit plaintiff. The remaining claim against AHM sounds in product liability under Michigan law. The Court's subject matter

jurisdiction is based on diversity of citizenship.

*AHM's Motion for Summary Judgment*

AHM seeks summary judgment on the grounds that (1) it did not design or manufacture the Insight, but merely distributed it, and it therefore has no liability under the Michigan product liability statute; and (2) the 2012 Insight is a hybrid, not an electric car, and it has no "silent mode" when being driven.

In support of both of these arguments, defendant relies on the affidavit of James Jongkind, which is attached to its motion as Exhibit 1.  Jongkind avers:

> 1. I am employed at American Honda Motor Co., Inc. ("AHM").

> 2. AHM serves as the United States distributor of motor vehicles for Honda Motor Co., Ltd. ("HMC").  AHM is a California corporation with its principal place of business in Torrance, California.  AHM maintains its own corporate officers and board of directors, maintains its own bank accounts, and observes all proper corporate formalities.

> 3. AHM is responsible for the distribution, marketing and sales of Honda and Acura brand automobiles . . . .  AHM does not design, manufacture, test, repair or service Honda motor vehicles, and did not design, manufacture, test, repair or service the 2012 Honda Insight VIN Number . . . which is the subject of this litigation (the "subject vehicle").

> 4. AHM does not have authority to dictate or determine what equipment or features will be included on any brand(s) of Honda motor vehicles sold in the United States.

> 5. The power for the subject vehicle comes from a gasoline-fueled internal combustion engine which is paired with an electric motor that provides assistance at low speeds.  Because the motor is permanently linked to the gasoline engine, the engine is always reciprocating when the vehicle is in motion.  It is impossible for the subject vehicle to be driven with only the electric motor.  The gasoline engine is always reciprocating.

6. The information set forth in this declaration is either known to me personally or was gathered and provided to me by persons regularly in the employ of AHM from various sources of information, including records and files kept by AHM in the ordinary course of its business. The people who gathered and provided this information to me have reported to me that the information in this declaration is true and correct, and accurately reflects the information maintained by AHM. If called upon to do so, I could and would testify competently with respect to the matters stated herein.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Torrance, California on December 16, 2019.

s/ J. Jongkind

In support of its argument that, as a distributor, it has no liability, defendant points to Mich. Comp. Laws § 600.2947, which states:

(6) In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product unless either of the following is true:

(a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.

(b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

Because plaintiff does not claim that AHM "made an express warranty," it can be held liable as a non-manufacturing seller only if plaintiff shows that it "failed to exercise reasonable care, including breach of any implied warranty, with respect to the product." Interpreting this statute, the Sixth Circuit has stated:

The plain language of the statute indicates that the legislature did not intend failure to exercise reasonable care and breach of implied warranty to be separate products liability claims. . . . The legislature's

> use of "including" indicates, as the district court ruled in this case, that breach of implied warranty claims are to be considered a type of reasonable care claim, not a separate claim. . . . Clearly, the only claim envisioned by the legislature in § 600.2947(6)(a) was failure to exercise reasonable care.

> [T]he statute added an element of fault to the traditional test for breach of implied warranty. In other words, the plaintiff must show that the product was sold in a defective condition, the defect caused his injury, and the seller failed to exercise reasonable care. . . .

*Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 520 (6th Cir. 2008). In other words, when suing a non-manufacturing seller for breach of implied warranty (i.e., for selling a defective product), plaintiff must prove not only that the product was defective but also that defendant committed some separate act amounting to a "failure to exercise reasonable care."

The Michigan Court of Appeals adopted *Croskey*'s interpretation of § 600.2947(6)(a) in *Curry v. Meijer, Inc.*, 286 Mich. App. 586 (2009), a case in which plaintiff sued a retailer, Meijer, Inc., for selling him an allegedly defective tree stand. The court of appeals affirmed summary disposition for Meijer because plaintiff alleged only that the tree stand was defective, not that Meijer had committed any negligence itself:

> In sum, MCL 600.2947(6)(a) requires a plaintiff to establish that a nonmanufacturing seller failed to exercise reasonable care in addition to establishing proximate cause to prevail on a products liability claim based on breach of implied warranty. Because plaintiffs failed to present any evidence of a breach of reasonable care on the part of defendants with respect to the tree stand, the trial court properly granted defendants' motion for summary disposition.

*Id.* at 599. A concurring opinion clarified that "the statute, properly interpreted, protects a nonmanufacturing seller of a product from liability unless that seller failed to exercise reasonable care regarding the sale, regardless of the theory of liability advanced." *Id.* At 600 (Bandstra, J., concurring).

4

The same result was reached in *Mook v. Gen. Motors Co.*, No. 309147, 2013 WL 3198137 (Mich. App. June 24, 2013). In that case, plaintiff bought a used car from a dealership. He was injured when he crashed the car and the air bags failed. He sued the dealership for breach of implied warranty. The trial court granted summary judgment for the dealership because plaintiff had no evidence that the dealership knew or should have known that the air bags were defective. The court stated:

> To establish a breach of an implied warranty, a plaintiff must establish a non-manufacturer seller's "independent negligence." *Konstantinov v. Findlay Ford Lincoln Mercury*, 619 F Supp 2d 326, 331 (ED Mich. 2006). "To establish a seller's 'independent negligence' under MCL 600.2947(6), plaintiff must show that the seller knew or had reason to know the product was defective. A seller has no duty to inspect a product unless the seller has reason to know that it is defective or the defect is readily ascertainable." *Id.* at 332.

*Id.* at *6.

AHM argues that it is entitled to summary judgment because the alleged defect (i.e., the lack of an audible sound to warn blind pedestrians when the car is being run "in electric mode") is not a defect because the 2012 Insight cannot be run "in electric mode." AHM points to the Jongkind affidavit, which avers that "[i]t is impossible for the subject vehicle to be driven with only the electric motor. The gasoline engine is always reciprocating." Jongkind Aff. ¶ 5. That is to say, AHM argues that plaintiff's product liability claim fails because the Insight could not be run silently and therefore plaintiff has not identified any defect. Nor, for the same reason, has he shown that AHM knew or should have known the Insight was defective.

In response, plaintiff first challenges the Jongkind affidavit on the grounds that it does not identify Jongkind or indicate what position he holds at AHM or the source of the information contained therein. Plaintiff argues that the Court should disregard this affidavit because

5

it is not based on personal knowledge, as required by Fed. R. Civ. P. 56(c)(4), which states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Alternatively, plaintiff asks that the Court defer ruling on defendant's summary judgment motion until he has had an opportunity to depose Jongkind. Plaintiff indicates that defendant has not previously identified Jongkind as a person possessing knowledge about this case.

> Plaintiff also suggests that
>
> there is a question of fact as to the degree of ownership that Honda [Motor Company] has over AHM, and how much control Honda exerts over AHM.  If AHM exists only to distribute and market Honda's products in North America, then its separate existence as a corporate entity should be ignored as it is merely an instrumentality or agent of its parent corporation.

Pl.'s Br. at 5-6.  Plaintiff asserts that AHM may be a "mere instrumentality" of its parent corporation, Honda Motor Company (the manufacturer), and that the Court should therefore treat AHM as an agent of the manufacturer.

Finally, plaintiff argues that even if the 2012 Insight could not be driven in "electric mode," the fact remains that hybrid cars are quieter than those with internal combustion engines. He states:

> A 2011 study conducted by the National Highway Traffic Safety Administration found that hybrid electric vehicles were 22% more likely to be involved in a pedestrian crash than a vehicle equipped with an internal combustion engine (Exhibit 4).  In 2010, the National Highway Traffic Safety Administration published a report specifically addressing the concerns of quieter hybrid electric vehicles as they relate to blind pedestrians (Exhibit 5).  In fact, the report stated that auto manufacturers were aware of the problem long before such vehicles were gaining any significant market share.  In

1994, Honda applied for a U.S. patent for a "Simulated Sound Generator for Electric Vehicles," and was awarded the patent on June 3, 1997 (*Id.* at 66).

Pl.'s Br. at 7-8. Plaintiff cites these government studies as evidence that car manufacturers, including Honda, have known for many years that both electric and hybrid cars pose a risk to pedestrians by operating too quietly. Plaintiff suggests that AHM, as the distributor, either was or should have been aware of this problem, and that selling the 2012 Insight despite such awareness establishes AHM's negligence.

*Analysis*

The Court shall deny defendant's motion for summary judgment for two reasons. First, this motion relies solely on the Jongkind affidavit, which is plainly deficient because it does not indicate Jongkind's position at AHM or the source of the information he avers "was provided to me by persons regularly in the employ of AHM." This affidavit, by an unidentified affiant who does not appear to have personal knowledge of the subject matter about which he is testifying, does not suffice under Fed. R. Civ. P. 56(c)(4) and therefore cannot be used to support a motion for summary judgment. Without this affidavit, defendant's motion has no support at all.

Second, even if this affidavit is taken at face value, defendant has not shown that the 2012 Insight was not defective. While plaintiff has offered scant evidence to the contrary, he does point to two government studies concerning the increased risk that hybrid and electric cars pose for pedestrians because they operate more quietly than cars that receive all of their power from internal combustion engines. Even the Jongkind affidavit does not deny that the 2012 Insight runs more quietly than traditional cars. On the present record, it is not clear either how quietly the 2012 Insight runs (or ran at the time of the accident at issue in this case) or how quietly is too quietly for safety

purposes.

The Court rejects plaintiff's argument that AHM is a "mere instrumentality" of Honda Motor Company, as he has offered no evidence to support this argument. "There is a presumption that the corporate form will be respected," *Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475 F.3d 783, 798 (6th Cir. 2007), and plaintiff has offered no reason why the Court should deviate from this presumption. The "mere instrumentality" argument appears to be irrelevant in any event because plaintiff can prevail by showing that AHM sold the 2012 Insight despite knowing, or being aware of evidence suggesting, that this vehicle was defective under Michigan law. Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 18, 2020
        Detroit, Michigan